UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ricky Mott,

                    Debtor and Appellant,

            -against-

RGN-NEW YORK XXX, LLC by its agent Regus
Management Group, LLC,

                              Appellee.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/25/2025
```

25 Civ. 1349 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Appellee, RGN-New York XXX, LLC, by its agent Regus Management Group, LLC
("Regus"), is the petitioner in a New York state court holdover summary proceeding against ABC
Mining Co., Index No. LT-318342-24/NY (the "Holdover Proceeding"). Mem. at 1, ECF No. 4.
Debtor and appellant *pro se*, Ricky Mott, commenced the below bankruptcy case, *In re Ricky Mott*,
Ch. 7 Case No. 25-10110 (the "Mott Bankruptcy Action"), in the U.S. Bankruptcy Court for the
Southern District of New York after receiving an adverse ruling in the Holdover Proceeding. Mem.
at 1. On January 31, 2025, Regus moved for the Mott Bankruptcy Action to be reassigned to the
Honorable Sean H. Lane. ECF No. 5-5. That motion was granted on February 3, ECF No. 5-6, and
Mott appealed to this Court on February 5, ECF No. 1.

Regus contends that any motions filed by Mott in connection with his appeal should be denied
and his appeal should be dismissed for several reasons. *See generally* Mem. at 3–5. For one, Mott is
the subject of a filing injunction entered by Judge Lane on December 23, 2022, in a bankruptcy case
captioned *In re Ari Pons Pons*, Ch. 7 Case No. 22-22801. Mem. at 3; *see generally* ECF No. 5-1.[1]
Based on years of apparently frivolous and bad-faith filings by Mott in courts across the tri-state area,
Judge Lane ordered that Mott be required to seek leave of the Bankruptcy Court before filing any
"bankruptcy pleading of any kind anywhere in the country, whether on his behalf or on behalf of
someone else." ECF No. 5-1 at 10. Mott has not disputed the existence of the filing injunction, and
he has made no representation that he complied with the injunction in the Mott Bankruptcy Action.
Accordingly, his appeal must be dismissed.

Regus further contends that the order reassigning the Mott Bankruptcy Action to Judge Lane
is not an appealable order, and Mott has not been granted leave to file an interlocutory appeal. Mem.
at 4. Mott offers no response to this argument, and the Court agrees with Regus on this point, as well.
*See* 28 U.S.C. § 158(a)(1); *cf. Schneorson v. Mazer-Marino*, No. 23 Civ. 6318, 2024 WL 4309258, at
*1–2 (E.D.N.Y. Sept. 26, 2024) (explaining that an "order denying [a debtor's] recusal motion is not
a final order and therefore requires the Court's leave to appeal").

---

[1] Mott does not deny that he is the same person who filed the *In re Ari Pons Pons* case. As Regus explains, "Mott/Pons
has used multiple aliases to file numerous bad-faith bankruptcy petitions in this District, the Eastern District of New York,
and the District of New Jersey," and Mott has admitted in papers filed in the Holdover Proceeding that Armando Pons and
Ricky Mott are the same person. Mem. at 2.

Accordingly, Motts' pending motions, ECF Nos. 2, 7–8, are DENIED, and his appeal is DISMISSED.  The Clerk of Court is respectfully directed to terminate all pending motions, close the case, and mail a copy of this order to Mott *pro se*.

SO ORDERED.

Dated: March 25, 2025
New York, New York

ANALISA TORRES
United States District Judge